# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

WILLIAM MARK TURNER, :

    Petitioner, :

     :     CRIMINAL NO. 09-00180-WS-C

vs.

     :     CIVIL ACTION NO. 11-0327-WS-C

UNITED STATES OF AMERICA,
et al., :

    Respondents.

## REPORT AND RECOMMENDATION

Petitioner, William Mark Turner, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 56). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Turner's § 2255 motion be **DENIED**.

## BACKGROUND FACTS

On August 27, 2009, Turner was indicted on three counts of bankruptcy fraud, two counts in violation of 18 U.S.C. § 152(3) and one count in violation of 18 U.S.C. § 152(1). (Doc. 1.) A trial by jury was conducted on July 25 and 26, 2010, and petitioner was found guilty of bankruptcy fraud as charged in all three counts of the indictment.

(*See* Doc. 41.) Thereafter, petitioner was sentenced, on April 26, 2010, to three concurrent terms of 27-months imprisonment. (*See* Doc. 50.)

Turner did not pursue a direct appeal but, instead, on May 11, 2011, he filed a motion to challenge the jurisdiction of this Court (Doc. 51; *see also* Doc. 52 (identical motion docketed June 1, 2011)). The undersigned notified Turner that his motion was going to be recharacterized as a motion to vacate under 28 U.S.C. § 2255 (*see* Doc. 53) and after receiving the movant's acquiescence to the recharacterization (Doc. 54 ("I am in agreement with the recharacterization of my filed motion as a Motion § 2255 and I do not wish to further amend or modify my motion in anyway.")), the undersigned instructed the Clerk's Office to docket Turner's identical motions (Docs. 51-52) as a motion to vacate under 28 U.S.C. § 2255 (Doc. 55). This was accomplished on June 21, 2011. (*See* Doc. 56.)

In his motion to vacate, petitioner challenges the subject-matter jurisdiction of this Court. (*See id.*) According to Turner, this Court lacked jurisdiction to convict and sentence him for bankruptcy fraud because the 1947 vote on 18 U.S.C. § 3231 was without quorum, in violation of the Constitution's quorum clause, and since no vote by the House of Representatives took place in 1948, the 1948 enactment of Public Law 80-772, codified at 18 U.S.C. § 3231,[1] was unconstitutional. (*Id.* at 2; *see also id.* at 2-12. ) As a

---

[1] Section 3231 provides, in relevant part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Thus, "where an indictment charges a
(Continued)

2

consequence, petitioner argues that the Bureau of Prisons lacks the authority to continue its confinement of his person. (*Id*. at 2.) Petitioner attached to his motion to vacate a September 11, 2006 letter penned by the Clerk of the United States House of Representatives, Karen L. Haas, and an internal memorandum penned by the Director of the Federal Bureau of Prisons, Harley G. Lappin, on July 27, 2009. (*See* Doc. 56, Appendix A & B.) The letter from Haas reads, in its entirety, as follows:

> After conducting a thorough examination of the journals, I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill, although pages 343-344 of the Journal of the House of Representatives from the 1st Session of the 80th Congress indicates that the bill was amended, purportedly passed, and transmitted to the Senate for concurrence. The Senate took no action on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment.
>
> Page 5049 of the Congressional Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. Therefore by counting the total yea and nay vote a quorum was not present.
>
> According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting. I found no record of any names for the May 12, 1947 vote. I hope this information has answered your questions.

(Doc. 56, Appendix A.) The internal memorandum penned by Lappin on July 27, 2009, reads in its entirety as follows:

---

defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment." *Wright v. United States*, 2009 WL 7400878, *3 (S.D. Fla. Aug. 27, 2009), *report & recommendation approved*, 2011 WL 381809 (S.D. Fla. Jan. 27, 2011).

> Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948)[,] [o]n the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution. Although most courts have, thus far, relied on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, [] there have been some which have stated that they were not bound by the Field case, but those cases did not involve any Quorum Clause challenge. So out of an abundance of caution, I contacted the Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See Cong.Rec. 5049), and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. There is only one Supreme Court case that says in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum. See United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892). The Clerk of the House states that the May 12, 1947 vote was a 'voice vote,' but the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum. On May 12, 1947, a presence of 218 Members in the hall of the House was required to be entered on the Journal in order for the 44 Member 38 to 6 voice vote to be legal. It appears that the 1909 version of the Federal Criminal Code has never been repealed. Therefore, in essence, our only true authority is derived from the 1948 predecessor to Public Law 80-772. "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994). Therefore, the Bureau under the advise (sic) of [] Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Requests by stating that only the Congress or courts can repeal or declare a federal statute unconstitutional.

(Doc. 56, Appendix B.)

The United States filed its response in opposition on July 18, 2011 and therein argues that petitioner's claim has no merit. (Doc. 57, at 2-4.)[2] In rebuttal, Turner criticizes the Government for relying on court decisions to the exclusion of the "hard facts" he has supplied this Court. (*See* Doc. 59.)

> Comes now William Mark Turner, acting Pro Se in this case. The USDA Kenyen R. Brown has put a lot of faith in his intern USAO Erica Rollins[3] because her so called research addresses ONLY what other courts have ruled on this topic. Let me just say we are not looking for <u>opinions</u> of other courts. We are not looking for a Roe v. Wade[] Supreme Court ruling. That was an opinion. We are talking <u>hard</u> <u>facts</u> from the National Archives, the House and Senate journals, a certification from the Clerk of the House, Karen Haas . . . and a Memo from the Director of the Federal Bureau of Prisons Harley G. Lappin . . . . The district attorney and the intern totally ignored hard evidence in this case. The district attorney and intern say they did research. Let me show there was no research, only a rehash of some other court opinions.
>
> The district attorney in his research claims that in 1948 . . . both houses of Congress passed Public Law 80-772. If this Court would read the Petitioner's Motion it will find that only the Senate passed PL 80-772 . . ., which clearly shows there was no vote on the amendments to the House Bill in 1948. The Constitution is very clear on how a bill becomes law. The House votes on a bill and upon passing sends that bill to the Senate. The

---

[2] Nowhere in its response in opposition does the United States argue that Turner's motion to vacate is time-barred (*see id.*); therefore, the United States has waived this defense. *Compare Darby v. United States*, 2011 WL 1217303, *4 (M.D. Ala. Feb. 18, 2011) (finding waiver of time-bar and procedural-default defenses by the government), *report & recommendation adopted*, 2011 WL 1217044 (M.D. Ala. Mar. 31, 2011) *with Helfant v. United States*, 2009 WL 2258324, *1 n.1 (S.D. Fla. July 29, 2009) ("As to the timeliness of this [§ 2255] Motion, the Government has waived any defense based on the statute of limitations.").

[3] This "lifting of the veil" by the Assistant United States Attorney (*see* Doc. 57, at 4 n.1 ("The undersigned thanks USAO intern Erica Rollins for her assistance in researching this matter and drafting this pleading.")) is rather interesting to note given this Court's understanding that pleadings submitted by the government in this District are submitted solely on behalf of the United States Attorney for the Southern District of Alabama, Kenyen R. Brown.

Senate votes on that bill and if there are no changes it is sent to the President for signing, BUT if the bill has changes or amendments to the original bill, it **MUST** be voted on in the House. There is **NOT** a vote in the House on the changes in the Senate Bill in 1948. With that said, the DA's opinion is without merit, frivolous, and flawed and incomplete research.

. . .

Petitioner asks this Court to LOOK AT the HARD FACTS from the Senate and House journals, which take precedent over misguided and incomplete previous opinions by other courts. This is not a gray area but cold hard facts.

Another point of the so called research by the DA and intern is the point about the Congressional Act of 1911 and reference to the Judiciary Act of 1789, which gives the convicted [individual] six months, [a] fine of one hundred dollars or whipping not to exceed 30 lashes. This argument has no merit on the face of the motion as Public Law 80-733, which was passed by both houses of Congress in 1948 repealed ALL prior Judicial authority. This is confirmed by both houses of Congress on the same day that Public Law 80-733 was signed by Truman enacting into positive law Title 28 USC Act of June 25, 1948 Ch 646 § 1, 62, Stat. 869. That act positively repealed the formal criminal jurisdiction granted to the District Courts . . . . So once again the so called research by the DA and the intern is flawed, frivolous, and without merit. Plus, all of the journals from the House and Senate are in [the] public domain and are authenticated per Federal Rules of Evidence . . . . With that said, these are hard facts not to be ignored by the DA. All of the documents in this motion are in the public record and are hard evidence and should not be ignored by the Court.

There are numerous reasons why the District Attorney and intern's research is flawed. First[,] [t]he USDA did not research the ACTUAL FACT of the Public Law 80-772 or 80-773, but only rewrote what other courts have erroneously written about Public Law 80-772 (HR-3190). The earlier courts did not have two pieces of evidence that this DA and the intern totally omitted in the motion to dismiss, which would lead one to believe that they can't read or maybe need to go back to law school, because the evidence presented far supersedes any evidence previous courts have erroneously ruled on.

. . .

    Fourth[,] Public Law 80-773 passed both Houses in 1948 legally. If the DA and the intern will look up these facts it will find that <u>ALL</u> previous power granted to the Courts was repealed. If what the DA contends is true, the Courts had power to indict because of the 1911 law. There was no Bankruptcy law in 1911 so that becomes an Expo(sic)-Facto claim and you cannot make a law just so you can convict him or her. So what the USDA [says] is without merit.

. . .

    Sixth[,] [s]ome courts try to claim that the matter I bring today has been ruled on in the past and they may want to dismiss my current claim but the fact is that no matter how many previous erroneous court cases someone may reference, they are in error. I am presenting VERIFIABLE FACTS, facts not only corroborated by the Director of the Bureau of Prisons, Harley Lappin . . . and the Office of Legal Counsel, but also by the Clerk of the US House of Representatives, Karen L. Haas . . .[,] but the facts I am presenting can be verified by ANYONE and at ANYTIME by simply checking the House Journal and the Congressional Record. Furthermore, the court has a duty to accept these facts and not rely on previous and erroneously ruled cases.

(*Id*. at 1, 1-2, 2-3 & 3 (footnote added).)

## **CONCLUSIONS OF LAW**

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

7

set aside or correct the sentence." Motions filed in accordance with 28 U.S.C. § 2255 are "'the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.'" *United States v. Fraction*, 315 Fed.Appx. 431, 432 (3rd Cir. Mar. 5, 2009), quoting *Okereke v, United States*, 307 F.3d 117, 120 (3rd Cir. 2002); *see also Santivanez v. Warden, FCC Coleman-USP II*, 416 Fed.Appx. 833, 834 (11th Cir. Mar. 1, 2011) ("In general, a § 2255 motion will be a federal prisoner's 'primary method of collateral attack' on his conviction and sentence after that conviction has become final.").

While the undersigned respects the vehemence with which Turner presses his argument and the facts underlying same, in ruling on petitioner's jurisdictional claim this Court necessarily is guided by the opinions of courts across this country which have addressed this issue. The unfortunate consequence for petitioner is that his § 2255 motion must be denied because every court to have addressed the question presented here—that is, the claim that Public Law 80-772, which is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal courts, is invalid because it was never voted into law by both Houses of Congress—has found same to be without merit on one of the three following bases: (1) the 1948 amendment to 18 U.S.C. § 3231 was properly enacted, *see, e.g., Wolford v. United States*, 362 Fed.Appx. 231, 232 (3rd Cir. Jan. 26, 2010) ("His contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was enacted by less than a quorum of Congress, is without merit. Section 3231

was properly enacted and is binding. The 1948 amendment to the statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 194[8]."); *Cavender v. Doe*, 2011 WL 3625362, *3 (S.D. Miss. Aug. 17, 2011) ("[N]otwithstanding the cause of action the petitioner files concerning this issue [that is, a § 2241 cause of action], his claim that Public Law 80-772 was not properly enacted, is simply frivolous."); *Garey v. United States*, 2010 WL 2507834, *23 (M.D. Ga. Mar. 29, 2010) (finding claim frivolous since § 3231 was properly enacted), *report & recommendation adopted*, 2010 WL 2507833 (M.D. Ga. Jun. 15, 2010); *United States v. Jerdine*, 2009 WL 4906564, *2 (N.D. Ohio Dec. 18, 2009) ("Although the Sixth Circuit does not appear to have addressed the specific issue of the circumstances surrounding the passage of Public Law 80-772, several other federal courts have done so and have determined that Public Law 80-772 was properly enacted. . . . Given the clear weight of authority, this Court concludes that Public Law 80-772 was constitutionally enacted."); *Garcia v. United States*, 2009 WL 2781740, *5 (M.D. Fla. Aug. 28, 2009) ("[T]he Court finds that § 3231 was validly enacted and provides the district courts with subject matter jurisdiction over federal criminal drug prosecutions under 21 U.S.C. §§ 841 and 846."); *United States v. Siegelman*, 2007 WL 1284276, *1 (M.D. Ala. Apr. 30, 2007) (providing that "even the briefest forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" the claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly

enacted."); *United States v. Risquet*, 426 F.Supp.2d 310, 311 (E.D. Pa. 2006) (finding § 3231 properly enacted); (2) even if the 1948 amendment to § 3231 is defective, the predecessor statute to § 3231 provides for jurisdiction, *see, e.g., Wright, supra*, at *3 ("'Even if the 1948 amendment to § 3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to § 3231 . . . provides for such jurisdiction as well.'"); *Derleth v. United States*, 2006 WL 1804618, *4 (S.D. Tex. Jun. 27, 2006) ("[E]ven if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes."); *Risquet, supra,* 426 F.Supp.2d at 312 (same); and (3) the "enrolled-bill rule" forbids challenge to the validity of 18 U.S.C. § 3231, *see, e.g., United States v. Farmer*, 583 F.3d 131, 151-152 (2d Cir. 2009) ("The 'enrolled-bill rule' precludes a court from looking beyond the signatures of House and Senate leaders in determining the validity of a statute. . . . 'It is not competent for a party [challenging the validity of a statute] to show, from the journals of either house, from the reports of committees or from other documents printed by authority of Congress, that an enrolled bill differs from that actually passed by Congress. The only evidence upon which a court may act when the issue is made as to whether a bill asserted to have become a law, was or was not passed by Congress is an enrolled act attested to by declaration of the two houses, through their presiding officers. An enrolled bill, thus attested, is conclusive evidence that it was passed by Congress. The enrollment itself is the record, which is conclusive as to what the statute is.' . . . We agree with the government that the enrolled-bill rule precludes Farmer's

challenge to the validity of the Act of June 25, 1948, and we hold that the district court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231."), *cert. denied*, __ U.S. __, 130 S.Ct. 2365, 176 L.Ed.2d 578 (2010). It is, in particular, this third ground for denial to which Turner has no answer given his admission that the Speaker of the House and the President pro tem of the Senate signed the bill on June 23, 1948. (Doc. 56, at 5.)

In addition, as regards petitioner's claim that no court has considered the "hard facts" he presses, this is simply not the case. In fact, in *Castillo v. United States*, 2011 WL 2110321 (May 25, 2011), the United States District Court for the Southern District of Mississippi considered a claim identical to that raised by Turner in this case, albeit raised pursuant to § 2241, and rejected the merits of same even in light of the Lappin "evidence." *See id.* at *1-3. As other courts before it, the *Castillo* court concluded that § 3231 was properly enacted. *Id.* at *3; *see also Saleem v. United States*, 2011 WL 2118610, *1 (S.D. Miss. May 26, 2011) (same issue and same result). Therefore, Turner's challenge to § 3231 fails[4] and his concomitant request to be released from the custody of the Bureau of Prisons is due to be denied.

In consideration of the foregoing, the Magistrate Judge recommends that the Court deny Turner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28

---

[4] This Court has at all times had subject-matter jurisdiction over bankruptcy fraud under 18 U.S.C. §§ 152(1) & 152(3).

U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied entirely on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to petitioner's claim, the

12

undersigned recommends that the Court find that reasonable jurists could not debate whether Turner's § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issue presented is adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge is of the opinion that petitioner's rights were not violated in this cause and that his request to vacate, set aside or correct his sentence (Doc. 56) should be **DENIED**. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate

Judge.

    **DONE** this the 8th day of September, 2011.

                                         s/WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).